UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. GOODWIN, : | |
| Plaintiff, : | |
| : | Civil No.: 17-cv-13368 (ES) (MAH) |
| v. : | |
| DET. SGT. PERCILI, et al., : | |
| Defendant. : | REPORT AND RECOMMENDATION |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of *pro se* Plaintiff Michael J. Goodwin's failure to respond to the Order to Show Cause dated November 22, 2019 [D.E. 27]. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned has considered this matter on the papers. For the reasons below, the Undersigned respectfully recommends that the District Court dismiss the Complaint without prejudice.

**I. BACKGROUND**

On December 20, 2017, Plaintiff filed this 42 U.S.C. § 1983 action against the Paterson Police Department and several individual officers. Plaintiff alleges that Defendants subjected him to excessive force in the course of an arrest that occurred on or about October 13, 2017. After Defendants answered the Complaint, the Undersigned directed the parties to file a joint discovery plan. *See* Letter Order, June 7, 2018, D.E. 6. Upon receipt of Plaintiff and Defendants' proposed discovery plans, *see* Letters, July 3, 2018, D.E. 7, 8, the Undersigned entered a Pretrial Scheduling Order that set forth the pertinent discovery deadlines, *see* Pretrial Scheduling Order, July 18, 2018, D.E. 10. The Undersigned ordered that all fact discovery shall be complete on or before March 18, 2019. *See id.* ¶¶ 2, 4.

1

In anticipation of that deadline, the Undersigned ordered the parties to submit status reports regarding their progress on or by March 7, 2019. Order, Feb. 15, 2019, D.E. 12. Defendants subsequently informed the Court that, as of February 28, 2019, Plaintiff had failed to serve his own written discovery requests as well as respond to Defendants' interrogatories. *See* Letters, D.E. 13, 14. This Court thus ordered:

> It appears that Plaintiff has not served responses to Defendants' discovery requests served on him in August 2018, or sought more time from the Court in order to do so. Paragraph 3 of the Pretrial Scheduling Order [D.E. 10] specifically provided that responses to discovery requests were to be served within thirty days of receipt. Accordingly, Plaintiff must serve his discovery responses on Defense counsel on or before April 1, 2019. This deadline will not be further extended. Plaintiff is advised that failure to comply may result in this Court issuing an Order to Show Cause as to why the Court should not dismiss Plaintiff's Complaint for failure to prosecute and failure to comply with the Court's Orders. The parties shall each file a joint status report on or before April 7, 2019.

Order, Mar. 1, 2019, D.E. 15.

On April 4, 2019, Plaintiff informed the Court via letter that he had not responded to Defendants' discovery because he is a *pro se* prisoner. Pl.'s Letter, D.E. 16, 19. Plaintiff further requested that the Court appoint him a pro bono attorney. *Id.* He also noted that his state court criminal trial arising from the arrest at issue was set to begin in May. *Id.* Defendants subsequently submitted letters to the Undersigned in response to Plaintiff's submission wherein they advised the Court that Plaintiff still was deficient in his discovery responses and requested the issuance of an Order to Show Cause. *See* Defs.' Letters, D.E. 18, 20.

On May 8, 2019, this Court denied Plaintiff's request for the appointment of pro bono counsel without prejudice to the refiling of a motion that conforms with Local Civil Rule 7.1.[1] *See*

---

[1] Plaintiff did not renew his request for the appointment of pro bono counsel.

Order, D.E. 22.  In so ruling, the Undersigned reiterated that "while Plaintiff is permitted to file a motion for the appointment of pro bono counsel, discovery in this matter shall proceed pursuant to the Pretrial Scheduling Order [D.E. 10] and all other relevant Orders[.]"  *Id.*  The Undersigned scheduled a telephone status conference for July 17, 2019, and directed Plaintiff to respond to Defendants' interrogatories on or before June 10, 2019.  *Id.*

By way of a letter dated June 13, 2019, Defendants informed the Court that Plaintiff failed to comply with the aforementioned deadline to respond to their discovery requests.  *See* Letter, D.E. 23.  Defendants further represented to the Court that "as a result of the arrest which formed the basis of [the] . . .action herein Mr. Goodwin was recently convicted on gun and drug charges facing a minimum sentence of fifteen years in prison and an extended term of imprisonment as a result of his extensive criminal history."  *Id.*  Since that date, neither Plaintiff nor anyone on his behalf has communicated with the Court.  All subsequent mailings to Plaintiff at Passaic County Jail, the address on record, have been returned as undeliverable.  *See, e.g.*, Mailing, Aug. 19, 2019, D.E. 25.

The Undersigned held the telephone conference that was initially scheduled on July 17, 2019 on November 22, 2019.  Only defense counsel appeared for the call.  Accordingly, the Undersigned issued an Order to Show Cause directing Plaintiff to "show cause, in writing, which must be received by this Court on or before December 6, 2019, why his complaint should not be dismissed for failure to prosecute it under Fed. R. Civ. P. 41, for failure to comply with the Court's orders under Fed. R. Civ. P. 16(f), and for failure to comply with the Court's orders to provide discovery pursuant to Fed. R. Civ. P. 37."  Order to Show Cause, D.E. 27.  The Undersigned further advised Plaintiff that "failure to timely respond to this Order to Show Cause will likely result in the issuance of a Report and Recommendation that the District Court dismiss this matter."  *Id.*  The

first-class mailing sent to Plaintiff was again returned as undeliverable. *See* Mailing, Dec. 5, 2019, D.E. 28. Plaintiff has not communicated with the Court since his April 4, 2019, whether to update his address or otherwise.

## II. DISCUSSION

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b): (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claims or defenses. *Id.* at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

#### i. The extent of the party's personal responsibility

Plaintiff carries full responsibility for his failure to respond to discovery and comply with court orders. *See Briscoe v. Klaus*, 538 F.2d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for the progress of his case . . . ."). This is especially true in this case where the Undersigned apprised Plaintiff of his ongoing responsibility to comply with

4

the deadlines set forth in the Pretrial Scheduling Order while any putative motion for the appointment of pro bono counsel would be pending before the Court. *See* Order, D.E. 22.

In his April 4, 2019, Letter, Plaintiff stated his intentions to proceed with his civil case notwithstanding his pending criminal trial. To state the obvious, Plaintiff's conviction hinders his ability to prosecute this action. Plaintiff nonetheless is duty-bound to provide this Court with an updated address and to apprise the Court of his changed circumstances. *See* Local Civ. R. 10.1 (prescribing that the failure to file a notice of address change may result in the imposition of sanctions); *McNamara v. Buehler*, No. 16-841, 2018 WL 9880301, at *2 (D.N.J. Nov. 16, 2018) (finding that first *Poulis* factor weighed in favor of dismissal because *pro se* incarcerated plaintiff failed to provide the court with updated contact information); *Stapleton v. Bracero*, No. 10-3144, 2016 WL 1465022, at *1 (D.N.J. Apr. 14, 2016) (same). Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *See Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) ("Examples of prejudice include the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." (internal quotations omitted)). Plaintiff has failed to meet his discovery obligations in this matter. Nor has he communicated with the Court to seek more time to comply or otherwise evinced, since April 2019, any intention to proceed with this case. Although the Court is mindful of Plaintiff's incarceration and *pro se* status, it cannot allow this case to sit indefinitely and without any indication that Plaintiff intends to litigate it. *See Palmer v. Rustin*, No. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011)

("The prejudice that will be suffered by Defendants by allowing this case linger for an indefinite period of time due to Plaintiff's failure to prosecute, without any mechanism for serving motions or orders on Plaintiff, is obvious."). The Court thus finds that this factor weighs in favor of dismissal.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. The Third Circuit has emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868. Plaintiff's conduct reflects a history of non-compliance with court orders, notwithstanding his attempts to obtain pro bono counsel. Plaintiff has neither renewed that application nor sought more time to respond to discovery. Nor has he updated his address of record or otherwise communicated with the Court in the past nine months. Accordingly, the third *Poulis* factor favors dismissal. *See McNamara*, 2018 WL 9880301, at *2 (finding that failure to update address constituted "delay or delinquency" within the meaning of the third *Poulis* factor (quoting *Macon v. City of Asbury Park*, No. 07-1413, 2008 WL 1882899, at *2 (D.N.J. Apr. 24, 2008)).

As to fourth factor, the Undersigned cannot attribute the delay and non-compliance to bad faith given the complications regarding Plaintiff's *pro se* status and then-pending criminal trial. The fourth *Poulis* factor thus weighs neutrally.

### iv. Alternative Sanctions

The point of alternative sanctions is to honor the tradition of adjudicating cases on the merits. *See Hildebrand*, 923 F.3d at 136. "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Id.* Without knowing where

6

Plaintiff is, "the Court is simply unable to communicate to Plaintiff any alternative sanctions." *Stapleton*, 2016 WL 1465022, at * 2 (internal quotation marks omitted). The fifth *Poulis* factor thus weighs in favor of dismissal without prejudice.

### v. Meritoriousness of the Claim or Defense

The final *Poulis* factor requires the Court to consider the merits of the parties' claims and defenses. Here, as the Court has done in other cases, the Undersigned "elect[s] not to address the sixth factor because 'the other factors . . . weigh[] heavily in favor of dismissal." *McNamara*, 2018 WL 9880301, at *3 (quoting *Macon*, 2008 WL 1882899, at *2). The Third Circuit has repeatedly held that district courts must balance the *Poulis* factors and that every factor need not weigh in favor of dismissal. *Hildebrand*, 923 F.3d at 132. Because the Undersigned has found that the majority of the *Poulis* factors weigh in favor of dismissal, the Undersigned is satisfied that dismissal is the appropriate remedy.

## III. CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

**s/ Michael A. Hammer**
**UNITED STATES MAGISTRATE JUDGE**

Date: January 29, 2020